OPINION
{¶ 1} Olga Dunina appeals from a decree of divorce terminating her marriage to Mark Stemple.
 {¶ 2} The parties were married in December, 1996. In March, 2004, Mark Stemple filed a divorce action in the court of common pleas of Montgomery County. The action was later removed to Miami County. Olga Dunina opted to represent her own interests, pro se. A drawn out litigation ensued, brought on in part by Dunina's filing of thirty-two separate motions within a nine month period. The trial court granted the divorce, and Dunina filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 3} "THE MIAMI COUNTY COMMON PLEAS COURT, HEREAFTER CALLED THE TRIAL COURT, ERRED WHEN IT DID NOT LIBERALLY CONSTRUE PRO SE APPELLANT PLEADINGS AND MOTIONS."
SECOND ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT ERRED WHEN IT DID NOT ASSIST PRO SE APPELLANT PROCEDURALLY IN HEARINGS."
NINTH ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT DID NOT GIVE A LIBERAL INTERPRETATION AND PROCEDURAL ASSIST [SIC] TO APPELLANT'S `DEFENDANT[`S] REQUEST AMENDMENT OF SOME PROPERTY TERMS OF THE PREFINAL DECREE AND JUDGMENT OF DIVORCE' OF APPELLANT'S OCTOBER 15, 2004 COURT FILING."
 {¶ 6} Dunina argues that the trial court had a duty to assist her in her efforts to represent herself as her own attorney. She cites two cases in support of her contention, one from the U.S. Supreme Court and the other from a court in West Virginia. However, rulings by courts outside of the State of Ohio on matters pertaining to their own procedural law are not binding on this court when applying Ohio law.
 {¶ 7} We have consistently held that pro se litigants are held to the same general standards as litigants represented by an attorney. The trial court was under no obligation to assist her or to construe Olga Dunina's pleadings more liberally than it would have those of any other litigant.
 {¶ 8} The first, second, and ninth assignments of error are overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT DID NOT [ACCEPT] PREPONDEROUS OF [SIC] ADMINISTRATIVE EVIDENCE OF THE APPELLANT NOT BEING ABLE TO WORK IN A COURT FILING OF JULY 1, 2004 ENTITLED `EMERGENCY AMENDMENT OF MOTION FOR TEMPORARY SPOUSAL SUPPORT.'
FIFTH ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT TEMPORARY SPOUSAL SUPPORT, KNOWING THAT APPELLEE WAS UNDER A 5 [YEAR] DOMESTIC VIOLENCE RESTRAINING ORDER FOR THREATENING TO KILL APPELLANT AND HER SON AND DIVORCE PROCEEDINGS WERE BEFORE THE COURT INVOLVING A NON WORKING, SICK, AND PHYSICALLY/VERBALLY ABUSED SPOUSE (APPELLANT) OF APPELLEE."
EIGHTH ASSIGNMENT OF ERROR
 {¶ 11} "THE TRIAL COURT ERRED WHEN IT DID NOT EXERCISE ITS DISCRETION TO PROVIDE APPELLANT TEMPORARY SPOUSAL SUPPORT UNDER O.R.C. 3113.31
AND/OR CIV.R. 75."
 {¶ 12} A domestic relations court may grant spousal support pendente lite. Civ.R. 75(N)(1). Whether an award of temporary spousal support should be granted is within the sound discretion of the court.
 {¶ 13} The magistrate denied Olga Dunina's motion for temporary spousal support in a motion dated July 22, 2004. The magistrate based the ruling on the "evidence admitted at the hearing, [and] the credibility, and demeanor of the witnesses." (Magistrate's Order, July 22, 2004).
 {¶ 14} Dunina has not included a copy of the transcripts from the July 19, 2004 hearing before the magistrate in the record on appeal. The appellant bears the burden of ensuring that all relevant portions of the transcripts are included in the appellate record. App.R. 9(B).
 {¶ 15} Without the benefit of transcripts, we are unable to evaluate what evidence was before the magistrate that led to the magistrate's decision, and therefore can not determine whether an abuse of discretion occurred.
 {¶ 16} The third, fifth, and eighth assignments of error are overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 17} "THE TRIAL COURT ERRED WHEN IT PERMITTED THE APPELLEE TO HAVE A WALK ON TRIAL ATTORNEY RATHER THAN THE ATTORNEY OF RECORD (TRISHA DUFF) FOR THE JULY 19, 2004 TEMPORARY SPOUSAL SUPPORT HEARING, AND THE COURT DID NOT DISCIPLINE THE ATTORNEYS (TRISHA DUFF/JAMES R. KIRKLAND) NOR THE APPELLEE FOR FAILURE TO BE PROCEDURAL [SIC] RESPONSIVE TO APPELLANT[`S] REQUEST FOR FIRST SET OF INTERROGATORIES/FIRST PRODUCTION OF DOCUMENTS."
 {¶ 18} Olga Dunina argues that the trial court erred when it allowed Mark Stemple to change attorneys. It is axiomatic that a litigant may, with leave of the court, obtain different counsel during the proceedings. Furthermore, we note that Dunina likewise changed attorneys twice early in the pendency of this action, and has not shown how she was prejudiced by Stemple's change of attorney.
 {¶ 19} The assignment of error is overruled.
SIXTH ASSIGNMENT OF ERROR
 {¶ 20} "THE TRIAL COURT ERRED WHEN IT EXHIBITED A TOTAL DISREGARD FOR PRO SE APPELLANT RELEVANT MOTIONS AND THE JUDGE AND MAGISTRATE RECUSED THEMSELVES RATHER THAN STAND UP TO THE PLATE OF JUSTICE TO APPELLANT'S AUGUST 11, 2004 MOTION THEREOF."
 {¶ 21} The record reflects that the trial court and the magistrate made extraordinary effort to respond to the numerous and often vague and rambling "motions" made by Dunina. As to her argument that the magistrate and the judge unreasonably recused themselves rather than "step[ing] up to the plate of justice," we note that this was exactly the relief Dunina sought in an "Affidavit of Prejudice" that she filed.
 {¶ 22} The sixth assignment of error is overruled.
SEVENTH ASSIGNMENT OF ERROR
 {¶ 23} "THE TRIAL COURT ERRED WHEN IT DID NOT FIND APPELLEE AND HIS ATTORNEY OF RECORD IN CONTEMPT OF COURT BECAUSE OF THEIR BEHAVIOR IN TERMS OF IGNORING COURT HEARINGS AND APPELLANT REQUEST FOR INTERROGATORIES AND FIRST SET OF DOCUMENTS IN A STATUTORY TIME PERIOD."
 {¶ 24} The record reflects that Dunina moved for a finding of contempt via motions filed on September 13 and September 28, 2004. There was no express ruling by the court on her motions. The court must be presumed to have denied them.
 {¶ 25} Dunina argues that the trial court's failure to make an express finding violates her rights of due process and equal protection under the U.S. and Ohio Constitutions. However, Dunina fails to show how she was prejudiced by the trial court's failure to make such a ruling. Furthermore, on September 28, 2004, she signed the "Parties Sworn Acknowledgments and Waiver of Magistrate's Decision." Her signature acknowledges that she answered the following question in the affirmative; "Are you satisfied that you have had full and adequate disclosure from your husband/wife?"
 {¶ 26} Absent some demonstration of prejudice resulting from the trial court's failure to rule on her motions for findings of contempt, and in view of her written acknowledgment that she had received full disclosure from Stemple, we are unable to determine any appropriate relief to which Olga Dunina is entitled and was denied.
 {¶ 27} The seventh assignment of error is overruled.
TENTH ASSIGNMENT OF ERROR
 {¶ 28} "THE TRIAL COURT ERRED WHEN IT DID NOT USE ITS DISCRETION TO FIND APPELLEE AND HIS ATTORNEY OF RECORD (TRISHA DUFF ET AL.) IN CONTEMPT OF COURT FOR VISITING FRAUD UPON THE COURT IN FINANCIAL REPORTS AND FOR INFLATING THE APPRAISAL VALUE OF THE MARITAL HOUSE IN ORDER TO FALSELY INCREASE THE EQUITY SPLIT BETWEEN APPELLANT AND APPELLEE, WHEREAS THE RESPONSIBILITY AND ACCOUNTABILITY IS SOLELY ON THE APPELLANT BACK TO MAKE IT HAPPEN BASED UPON THE FACT THAT THE APPELLEE WOULD WALK AWAY WITH CASH AS A RESULT OF APPELLEE'S SUPER-INFLATED NON-EXISTING APPRAISAL."
 {¶ 29} Olga Dunina argues that Mark Stemple committed fraud on the court by offering evidence in the form of flawed financial reports and a flawed appraisal of the marital residence. She cites Civ.R. 60 as the basis of this assignment of error. Civ.R. 60(B)(3) provides for relief from a final judgment if the movant demonstrates that that court's judgment is a result of fraud by the party opponent. A Civ.R. 60(B) motion is only properly made before the trial court. The record shows that no Civ.R. 60(B) motions were filed with the trial court. We are not authorized to grant Civ.R. 60(B) relief, and are unable to consider the contention de novo on appeal.
 {¶ 30} The tenth assignment of error is overruled.
ELEVENTH ASSIGNMENT OF ERROR
 {¶ 31} "THE TRIAL COURT ERRED WHEN IT DID NOT ENFORCE CIV.R. 37 AND FIND APPELLEE AND HIS ATTORNEY (TRICIA DUFF) IN CONTEMPT OF COURT FOR FAILURE TO PROVIDE APPELLANT WITH MANDATORY DISCLOSURE OF ALL PENSION/PROFIT SHARING PLANS, COBRA BENEFITS, ALL APPRAISAL OF REAL ESTATE OR PERSONAL PROPERTY OR ANY BUSINESS PROPERTY, COPIES OF ALL REAL ESTATE DEEDS, VEHICLE TITLES/REGISTRATION, LAST THREE YEARS OF TAXES, DOCUMENTARY PROOF OF CURRENT INCOME, COPIES OF RECENT STATEMENTS ON (ALL BANK ACCOUNTS, IRA'S, STOCK ACCOUNTS, MORTGAGES, CREDIT CARD ACCOUNTS AND OTHER DEBTS)."
 {¶ 32} While Olga Dunina raises this assignment of error, she provides no argument in support. When an appellant fails to include in her brief an argument in compliance with the requirements of App.R. 16(A)(7), a court of appeals properly disregards that assignment of error. App.R. 12(A)(2); Hawley v. Ritley (1988), 35 Ohio St. 157. We therefore decline to further consider this assignment of error.
 {¶ 33} The eleventh assignment of error is overruled.
TWELFTH ASSIGNMENT OF ERROR
 {¶ 34} "THE MIAMI COUNTY COMMON PLEAS COURT GLARINGLY ERRED WHEN IT DID NOT CONSIDER THE ISSUES OF MATERIAL FACT DELINEATED UNDER `V. STATEMENT OF THE FACTS AND ISSUES RELEVANT TO THE ASSIGNMENT OF ERRORS.'"
 {¶ 35} Olga Dunina argues that the trial court failed to consider the "facts" she outlines in Section Five of her appellate brief. We note that some of those matters were raised in the trial court and some were not. For those issues she did not raise in the trial court, Dunina may not now raise them on appeal, because her failure to raise them below waives any error.
 {¶ 36} For the remainder, the magistrate and trial court, acting as triers of fact, are in the best position to weigh evidence and assess the credibility of witnesses. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. The trial court has broad discretion with respect to the admission or exclusion of evidence, and its decision on such matters will not be disturbed by a reviewing court absent an abuse of discretion that results in material prejudice. State v. Noling (2002),98 Ohio St.3d 44, 2002-Ohio-7044.
 {¶ 37} Olga Dunina fails to show any material prejudice arising from the trial court's admission or exclusion of any evidence at trial. As a result, we find no abuse of discretion.
 {¶ 38} The Twelfth assignment of error is overruled.
THIRTEENTH ASSIGNMENT OF ERROR
 {¶ 39} "THE TRIAL COURT ERRED IN ITS NOVEMBER 8, 2004 RESPONSE TO APPELLANT[`S] OCTOBER 5, 2004 MOTION."
 {¶ 40} Olga Dunina argues that the domestic relations court abused its discretion when it failed to have Stemple examined by medical specialists to determine whether he is competent to possess firearms or ammunition, as she had requested. None of the authorities she cites, Civ.R. 75, R.C.3105.171 or Jelen v. Jelen (1993), 86 Ohio App.3d 199, demonstrate that the domestic relations division of the court of common pleas may order such relief in a divorce decree. The trial court correctly found that it lacked jurisdiction to grant Dunina's motion.
 {¶ 41} The thirteenth assignment of error is overruled.
 {¶ 42} The judgments of the trial court are affirmed.
Donovan, J. And Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.