GMAC MORTGAGE, L.L.C., et al., Appellees,

v.

HERRING et al., Appellants.

[Cite as GMAC Mtge., L.L.C. v. Herring, 189 Ohio App.3d 200, 2010-Ohio-3650.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23694.

Decided Aug. 6, 2010.

Jason A. Whitacre, Laura C. Infante, and Kathryn M. Eyster; and Richard Malatt, for appellee Babgen Almasi.

J. Joseph Walsh, for appellees Warren and Veronica Kendricks.

William R. Miller, for appellant Dante Herring.

FROELICH, Judge.

{¶ 1} Dante Herring appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his motion for relief from judgment, pursuant to Civ.R. 60(B). For the following reasons, the trial court's judgment is affirmed.

I

{¶ 2} On May 26, 2006, Dante and Melissa Herring purchased the property located at 5859 Woodstone Drive in Dayton, Ohio, from Warren and Veronica Kendricks. To finance the purchase, the Herrings executed two notes: an adjustable-rate note to New Century Mortgage Corporation ("New Century") in

the amount of $111,120 and a promissory installment note to the Kendricksses for $27,780. The Herrings also executed two mortgages—one to New Century and the other to the Kendricksses—to secure repayment of the notes.

{¶ 3} On March 20, 2007, GMAC Mortgage filed a complaint in foreclosure with reformation against the Herrings, the Kendricksses, and the Montgomery County Treasurer. GMAC alleged that it was the holder of a note and a mortgage on the property located at 5859 Woodstone Drive, that the note was in default, and that it was due $111,114.21, plus interest at the rate of 10.6 percent, plus late charges, advances for taxes and insurance, and other expenditures. GMAC requested judgment on the note, foreclosure of the property, and reformation of the mortgage to reflect the proper legal description of the property.

{¶ 4} GMAC's complaint indicated that copies of the note and the mortgage were attached to the complaint. Exhibit A to the complaint was the adjustable-rate note executed by Melissa and Dante Herring, dated May 26, 2006, in favor of New Century for $111,120. However, Exhibit B to the complaint was the mortgage executed by the Herrings to the Kendricksses, not the mortgage to New Century. GMAC did not file an amended complaint to substitute the correct mortgage.

{¶ 5} On March 20, 2007, GMAC filed its first preliminary judicial report. The report reflected the existence of both mortgages, and both mortgages were attached to the report, along with other documents.

{¶ 6} In April 2007, the Kendricksses filed an answer to GMAC's complaint and brought cross-claims against the Herrings based on the Herrings' having defaulted on the promissory installment note and the accompanying mortgage. The Kendricksses alleged that they were the holders of a note and a mortgage executed by the Herrings on May 26, 2007, that the Herrings had defaulted, and that there was due and owing the sum of $26,651, with interest at the rate of seven percent from January 1, 2007. The Kendricksses requested judgment on the note and the mortgage and that the legal description on the mortgage deed be reformed to the proper legal description. The Kendricksses attached the promissory installment note and the mortgage securing repayment of that note to their pleading.

{¶ 7} The Herrings moved for an extension of time to respond to the claims, and GMAC moved for a default judgment. The court granted the Herrings until May 14, 2007, to file an answer to the complaint. On May 3, 2007, the trial court entered a default judgment against the Herrings and in favor of GMAC; however, on May 14, 2007, the court sua sponte vacated the default judgment due to the extension previously granted to the Herrings. The court notified all parties (including the Herrings) that it would consider the motion for default

judgment to be ripe on May 15, 2007, if no response were received from the Herrings.

{¶ 8} The Herrings did not file an answer, and on May 21, 2007, the trial court granted GMAC's motion for default judgment. The court incorporated the May 3, 2007 default judgment into its decision.

{¶ 9} The Kendrickses subsequently moved for a default judgment on their cross-claims; the trial court also granted that motion and entered judgment in favor of the Kendrickses on their cross-claims.

{¶ 10} On several occasions, a sheriff's sale was scheduled, but the sale was later cancelled or vacated due to various procedural issues, including alleged lack of service to the Herrings' new counsel and alleged lack of notice of the judgment in favor of GMAC in accordance with Civ.R. 58(B).

{¶ 11} On June 27, 2008, the trial court filed an amended judgment entry in favor of GMAC and the Kendrickses; that amended judgment entry was refiled on July 16, 2008. With respect to GMAC, the amended judgment entry found that $111,114.21, plus interest, late charges, advances, costs, and expenses, was due to GMAC on the promissory note "set forth in the First Count of the Complaint." The trial court further found as follows:

{¶ 12} "[I]n order to secure the payment of the promissory note aforesaid, the Defendants, Melissa Herring and Dante Herring, wife and husband, executed and delivered to New Century Mortgage Corporation the mortgage deed set forth in the Second Count of said Complaint, thereby conveying the following described premises: * * *. The Court finds that said mortgage was duly filed with the Montgomery County Recorder on June 6, 2006 and recorded as Instrument No. 06–051260 [1] of the Mortgage Records of said County and thereby became and is a valid mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned to the Plaintiff; that said conditions in the mortgage deed have been broken and the same has become absolute and that Plaintiff is entitled to have the equity of redemption and dower of all Defendants in and to said premises foreclosed." (Footnote added.)

{¶ 13} A sheriff's sale was scheduled for June 5, 2009. On the day before the scheduled sale, Dante Herring ("Herring"), pro se, filed a motion for relief from the amended judgment, pursuant to Civ.R. 60(B)(3), and to stay the sheriff's sale. He claimed that GMAC committed a fraud against the court in that "(1) there is evidence that the Plaintiff was not the real party in interest at the time the Amended Judgment was entered, because the Mortgage and Note had been sold to Kondaur Capital Corporation before the entry of the Amended Judgment; (2)

---

1. The New Century mortgage was, in fact, recorded as instrument No. 06–051260.

there is evidence that the assignment of the Mortgage to the Plaintiff was fraudulently manufactured; and (3) Plaintiff was not entitled to judgment, because it failed to attach to the Complaint documentation required by Civil Rule 10(D)." Herring attached a copy of a corporate assignment of mortgage from New Century to GMAC with a California all–purpose acknowledgment by the notary public, a notice of assignment of servicing rights from Kondaur Capital Corporation to the Herrings, and correspondence to the Herrings from a Kondaur Capital asset manager regarding the Herrings' mortgage and note.

{¶ 14} The trial court stayed the sale of the Herrings' property. On July 24, 2009, GMAC moved for an order substituting Kondaur Capital as the plaintiff. GMAC attached a copy of the assignment of the Herrings' note and mortgage, which was executed on July 16, 2009. The court ordered the requested substitution.

{¶ 15} Kondaur subsequently opposed Herring's Civ.R. 60(B) motion, arguing that the Herrings had failed to establish their entitlement to relief under Civ.R. 60(B), that GMAC was the real party in interest when the complaint was filed, that it (Kondaur) is now the real party in interest, and that the complaint complied with Civ.R. 10(D). Kondaur supported its memorandum with an affidavit by Janice Ramocinski, an officer of Kondaur, who stated that Kondaur is the owner in possession of the note and mortgage originally made to New Century, that Kondaur "purchased, acquired and/or otherwise obtained possession of the note and mortgage on June 11, 2008, prior to the execution of the Assignment of Mortgage, evidencing the transfer of record."

{¶ 16} In a surreply filed by counsel for Herring, Herring argued that GMAC was not the real party in interest when the default judgment was entered and that Kondaur could not and did not ratify GMAC's actions.

{¶ 17} On September 15, 2009, the trial court denied Herring's motion for relief from judgment without a hearing. Although the trial court found that Herring's motion was timely, it concluded that Herring had not presented a meritorious defense to the judgment or a basis for relief under Civ.R. 60(B). Addressing Herring's claimed meritorious defense, the court rejected the argument that GMAC was not the real party in interest. The court reasoned:

{¶ 18} "[I]n this case, GMAC presented evidence that it was the real party in interest at the time this action was initiated. Such evidence includes the Note and the Mortgage attached to the Complaint, as well as the fact that GMAC executed the Assignment of Mortgage from New Century on June 1, 2006, and recorded it on April 11, 2007. Although the Assignment may contain some irregularities, the irregularities do not rise to the level of fraudulent misrepresentation suggested by [the] Herrings and the Assignment identifies GMAC as the party in interest at the time this action was initiated. Further, although the

Note and Mortgage were subsequently sold, GMAC filed a Notice of Substitution of Plaintiff with an executed Assignment of Mortgage which properly identified the new owner (Kondaur) and informed Kondaur of the change."

{¶ 19} The trial court further found that GMAC demonstrated that it had the right to enforce the mortgage as a matter of law. Citing *U.S. Bank v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, the court found that "GMAC's possession of the Promissory Note (and attachment of the Note to the Complaint) as holder (as defined by O.R.C. § 1301.01(T)(1)), [was] further evidence that GMAC was the real party in interest at the time the Complaint was filed." The trial court also concluded that the judgment was not erroneously granted to GMAC due to the assignment to Kondaur, because "[n]one of the evidence presented by [the] Herrings suggests that the Note and Mortgage were assigned prior to July 16, 2008," when the amended judgment was entered.

{¶ 20} In addition, the trial court rejected Herring's argument that GMAC's failure to comply with Civ.R. 10(D) provided a meritorious defense. The court indicated that the proper remedy for failure to attach a written instrument to a pleading, as required by Civ.R. 10(D), is a motion for a definite statement, pursuant to Civ.R. 12(E), not a motion for relief from judgment.

{¶ 21} As to Herring's basis for relief under Civ.R. 60(B), the trial court found that GMAC had presented sufficient evidence that it was the real party in interest, and it concluded that "the mere presence of irregularities [in the assignment] does not lead to the assumption that GMAC was not the party in interest." The court thus concluded that Civ.R. 60(B)(3) did not provide a basis for relief, and Herring's motion had not shown mistake, inadvertence, surprise, excusable neglect, or any other ground for relief under Civ.R. 60(B).

{¶ 22} After the denial of Herring's motion for relief from judgment, Kondaur filed a motion to substitute Babgen Almasi as the proper plaintiff in the action; Kondaur attached an assignment of the New Century mortgage from Kondaur to Almasi, which was executed on October 5, 2009. The court permitted the substitution.

{¶ 23} On January 15, 2010, the Herrings' property was sold at a sheriff's sale for $76,000; the sale was confirmed by the trial court in February 2010.

{¶ 24} Herring appeals from the denial of his motion for relief from judgment, raising three assignments.

## II

{¶ 25} Herring's assignments of error state:

{¶ 26} "The court abused its discretion when it denied Dante Herring[']s motion for relief from judgment by finding that Dante Herring failed to establish a meritorious defense.

{¶ 27} "The court abused its discretion when it found that Dante Herring had not met his burden under Civil Rule 60(B) by finding that GMAC was a real party in interest.

{¶ 28} "The trial court abused its discretion when it denied Dante Herring's motion for relief from judgment by finding that a motion for more definite statement should have been filed by Dante Herring and not a relief from judgment with respect to the wrong mortgage being attached to the complaint."

{¶ 29} In each of his assignments of error, Herring claims that the trial court abused its discretion in denying his motion for relief from judgment, pursuant to Civ.R. 60(B).[2]

{¶ 30} "Civ.R. 60(B) represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice should be done." *Chapman v. Chapman*, Montgomery App. No. 21244, 2006-Ohio-2328, 2006 WL 1284592, at ¶ 13. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914; *Cincinnati Ins. Co. v. Schaub*, Montgomery App. No. 22419, 2008-Ohio-4729, 2008 WL 4278239, ¶ 15.

{¶ 31} Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect," (2) newly discovered evidence, (3) fraud, misrepresentation or other misconduct of an adverse party, (4) the judgment has been satisfied, released or discharged, or (5) any other reason justifying relief from the judgment. Herring sought relief under Civ.R. 60(B)(3). "[T]he fraud or miscon-duct referred to in Civ.R. 60(B)(3) is fraud or misconduct relating to the obtaining

---

2. Herring has moved to strike certain statements from Almasi's responsive brief, arguing that the appellee's brief contains allegations that are not part of the record. Herring's motion to strike is denied. However, we will consider only the record on appeal in reviewing the assignments of error. See *Yates v. Kanani*, Montgomery App. No. 23492, 2010-Ohio-2631, 2010 WL 2333506, ¶ 24 ("An appellate court's review in a direct appeal is limited to the materials in the record and the facts and evidence presented to the trial court").

of the judgment, rather than fraud or misconduct upon which a claim or defense is based." *Fifth Third Bank of W. Ohio v. Thorn* (Feb. 23, 1994) Miami App. No. 93–CA–19, 1994 WL 53833, *4. See also *Stemple v. Dunina*, Miami App. No. 04CA40, 2005-Ohio-5590, 2005 WL 2697328, ¶ 29.

{¶ 32} In order to establish a meritorious claim or defense under Civ.R. 60(B), the movant is required to allege a meritorious claim or defense, not to prove that she will prevail on that claim or defense. See *State v. Yount*, 175 Ohio App.3d 733, 2008-Ohio-1155, 889 N.E.2d 162, ¶ 10. "A 'meritorious defense' means a defense 'going to the merits, substance, or essentials of the case.' * * * Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside." *Wayne Mut. Ins. Co. v. Marlow* (June 5, 1998), Montgomery App. No. 16882, 1998 WL 288912, *2–3, quoting Black's Law Dictionary, abridged (6th Ed.Rev.1991) 290. Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment. *Cunningham v. Ohio Dept. of Transp.*, Franklin App. No. 08AP–330, 2008-Ohio-6911, 2008 WL 5423320, ¶ 37; *Bennitt v. Bennitt* (May 26, 1994), Cuyahoga App. Nos. 65094 and 66055, 1994 WL 236295.

{¶ 33} "[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Hrabak v. Collins* (1995), 108 Ohio App.3d 117, 121, 670 N.E.2d 281. It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing only if the motion or supportive affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B). *Boster v. C & M Serv., Inc.* (1994), 93 Ohio App.3d 523, 526, 639 N.E.2d 136; *In re Estate of Kirkland*, Clark App. No. 2008–CA–57, 2009-Ohio-3765, 2009 WL 2351758, ¶ 17.

{¶ 34} We review the trial court's determination of a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. A trial court abuses its discretion when its decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 35} As an initial matter, Herring's Civ.R. 60(B) motion was not proper to the extent that he claims that the trial court's amended default judgment in favor of GMAC differs from GMAC's allegations in its complaint, i.e., by foreclosing on the New Century mortgage, which was not attached to the complaint. Civ.R. 60(B) relief is not a substitute for a timely appeal. *Cincinnati Ins. Co. v. Schaub*, Montgomery App. No. 22419, 2008-Ohio-4729, 2008 WL

4278239, ¶ 16; *State ex rel. Martin v. Ohio Adult Parole Auth.*, 124 Ohio St.3d 63, 2009-Ohio-6164, 918 N.E.2d 1005, ¶ 1. Any alleged error by the trial court in foreclosing upon the New Century mortgage when it was not attached to the complaint could have been raised in a direct appeal of the amended judgment.

{¶ 36} Upon review of the trial court's ruling on Herring's motion for relief from judgment, we find no abuse of discretion in the trial court's denial of Herring's motion, because Herring failed to show that he was entitled to relief under one of the grounds stated in Civ.R. 60(B).

{¶ 37} "In determining the existence of fraud of an adverse party for purposes of Civ.R. 60(B), the movant must prove the elements of fraud. * * * In an action for fraud, the plaintiff must prove *each of the following elements:* (a) a representation, which (b) is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation, and (f) a resulting injury proximately caused by the reliance." *Hasch v. Hasch,* Lake App. No. 2008–L–183, 2009-Ohio-6377, 2009 WL 4547608, ¶ 42. As stated above, the fraud must be material to obtaining a judgment, not fraud or misconduct upon which a defense was or could have been based. Fraud on an adverse party may exist when, for example, a party presents material false testimony at trial, and the falsity is not discovered until after the trial. *Seibert v. Murphy,* Scioto App. No. 02 CA 2825, 2002-Ohio-6454, 2002 WL 31662598.

{¶ 38} Herring asserts that GMAC engaged in fraud against him for purposes of Civ.R. 60(B)(3) by falsely maintaining that it was the owner and holder of the mortgage when the complaint was filed and by manufacturing an assignment of mortgage so that it would appear that GMAC held the mortgage at the time the complaint was filed when, in fact, it did not. Herring further argues that because GMAC was not the owner and holder of the note when the complaint was filed, it was not the real party in interest and could not institute the action against him.

{¶ 39} Although Herring's contention that GMAC was not the real party in interest, if correct, might have been a meritorious defense to GMAC's claims or a basis for an appeal of the trial court's judgment, Herring has not demonstrated that he had a basis for relief from the judgment in favor of GMAC under Civ.R. 60(B).

{¶ 40} GMAC filed its complaint on March 20, 2007, alleging that it was the owner and holder of a promissory note, attached as Exhibit A, for which there was an unpaid principal debt of $111,114.21. The New Century note was attached as Exhibit A. GMAC further alleged that it was "the owner and holder of a certain mortgage deed, securing payment of said promissory note." Al-

though GMAC erroneously attached the Kendricks mortgage to its complaint, GMAC attached both the Kendricks mortgage and the New Century mortgage to the preliminary judicial report that it filed contemporaneously with the complaint.

{¶ 41} The Herrings were served on March 22, 2007; and on April 16, 2007, they moved "upon the advice of Graceworks Lutheran Services" for an extension of time to file an answer. Their motions provided three reasons for their request: (1) they had filed a complaint with the Ohio Attorney General concerning predatory lending by New Century and they were awaiting an answer, (2) they had requested "original loan documentation" from the mortgage broker who handled the original mortgage, but they had not received a response because the broker was no longer in business, and (3) they were "attempting to work out forbearance with GMAC Mortgage, LLC to resolve this debt." The extension was granted.

{¶ 42} The Herrings did not file a responsive pleading or anything else with the court until after the default judgment had been entered in May 2007. In his Civ.R. 60(B) motion, Herring did not claim that the failure to respond to GMAC's complaint was the product of any fraud, misrepresentation, or any other misconduct by GMAC. Indeed, Herring offers no explanation for his and his wife's failure to file an answer. And, although the Herrings repeatedly challenged the scheduled sheriff's sales of their property, Herring did not claim in his Civ.R. 60(B) motion that GMAC engaged in any fraud that led to the trial court's entry of its amended judgment in June 2008. Accordingly, Herring has failed to set forth a basis for relief under Civ.R. 60(B)(3).

{¶ 43} Moreover, even though Herring's Civ.R. 60(B) motion was filed within one year of the amended judgment, Herring did not timely challenge GMAC's status as the real party in interest when the complaint was filed. In his motion, Herring asserted that GMAC engaged in fraud by recording an assignment of mortgage that was "so filled with flagrant and fraudulent irregularities that can lead to but one conclusion that the Plaintiff did not become a holder of the Mortgage until after the Complaint was filed." However, the assignment of mortgage was recorded by the Montgomery County Recorder's Office on April 11, 2007, prior to the May 14, 2007 deadline for filing the Herrings' answer to GMAC's complaint. The Herrings were aware of the complaint against them, and the irregularities in the assignment of mortgage cited by Herring were apparent on the assignment's face and could have been identified and raised in the trial court in a responsive pleading. The assignment of mortgage was not filed with the court—and the "irregularities" in that document were not raised in the trial court—until it was attached to Herring's Civ.R. 60(B) motion in June 2009. Herring cannot blame GMAC for his and his wife's inaction in failing to

challenge GMAC's status as a real party in interest. See *Mid–State Trust IX v. Davis,* Champaign App. No. 07–CA–31, 2008-Ohio-1985, 2008 WL 1838350.

{¶ 44} Moreover, to the extent that Herring now claims that the amended judgment in favor of GMAC was voidable because the mortgage and note had been assigned to Kondaur prior to the entry of that amended judgment, we find no potential merit to that argument. The Rules of Civil Procedure do not require that a case be dismissed if the plaintiff in an action transfers its interest during pendency of the case. Rather, Civ.R. 25(C) provides:

{¶ 45} "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (A) of this rule."

{¶ 46} Regardless of when GMAC transferred its interest to Kondaur, GMAC was permitted to continue its action against the Herrings. Kondaur was properly substituted as the real party in interest upon GMAC's motion.

{¶ 47} Finally, the trial court properly concluded that Herring's remedy for GMAC's failure to attach the correct mortgage to its complaint was a motion for a more definite statement under Civ.R. 12(E). Civ.R. 12(E) states:

{¶ 48} "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within fourteen days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

{¶ 49} "The purpose of the requirement to attach an account [or other written instrument] imposed by Civ.R. 10(D) is to exemplify the basis of the particular claim for relief alleged, in order to confine the issues in the action to matters related to the course of dealings between the parties the attachment portrays. The written instrument or account that Civ.R. 10(D) requires a plaintiff to attach to a complaint on an account 'is the best evidence of the transaction and becomes a part of the complaint for all purposes.' " *Asset Acquisitions Group, L.L.C. v. Gettis,* 186 Ohio App.3d 586, 2010-Ohio-950, 929 N.E.2d 506, ¶ 14, quoting *Point Rental Co. v. Posani* (1976), 52 Ohio App.2d 183, 185, 368 N.E.2d 1267.

{¶ 50} GMAC alleged in its complaint that it held a note with a balance due of $111,114.21 and that it was also the holder of a mortgage securing that debt. The attachment of the Kendricks mortgage, rather than the New Century mortgage, rendered those statements ambiguous. The remedy for that ambiguity was a motion for a more definite statement. *Asset Acquisitions Group* at ¶ 15. Having been properly served with the complaint, the Herrings could not sit on their rights; rather, they were required to respond to the complaint, either by filing an answer or by challenging the allegations in the complaint by motion, such as a motion to dismiss, pursuant to Civ.R. 12(B), a motion for a more definite statement under Civ.R. 12(E), or a motion to strike, pursuant to Civ.R. 12(F).

{¶ 51} The assignments of error are overruled.

## III

{¶ 52} The trial court's judgment is affirmed.

Judgment affirmed.

DONOVAN, P.J., and BROGAN, J., concur.