[Cite as *Bank of Am., N.A. v. Thrasher*, 2013-Ohio-3934.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | |
| | : | Appellate Case No. 2013-CA-20 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CV-632 |
| v. | : | |
| | : | |
| HEIDI J. THRASHER, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 13th day of September, 2013.

· · · · · · · · · · ·

JAMES S. WERTHEIM, Atty. Reg. #0029464, and MARIA CANDACE BURNETTE, Atty. Reg. #0088507, McGlinchey Stafford PLLC, 25550 Chagrin Boulevard, Suite 406, Cleveland, Ohio 44122
     Attorneys for Plaintiff-Appellee, Bank of America, N.A.

MICHAEL MAYER, Atty. Reg. #0064079, Mayer Law Office LLC, The Fairborn Lawyers Building, 510 West Main Street, Fairborn, Ohio 45324
     Attorney for Defendant-Appellant, Dallas Watts

THERESA BAKER, Atty. Reg. #0059122, 120 West Second Street, Suite 1700, Dayton, Ohio 45402
     Attorney for Defendant-Appellee, Heidi Thrasher

· · · · · · · · · · · · ·

FAIN, P.J.

**{¶ 1}** Defendant-appellant Dallas Watts appeals from a default judgment rendered against him in a foreclosure action, and also from the order confirming the sheriff's sale. Watts contends that the trial court lacked personal jurisdiction over him and that the ensuing sheriff's sale did not comply with statutory requirements.

**{¶ 2}** We conclude the record in this case establishes a presumption of proper service that Watts failed to rebut. Therefore, we conclude that the trial court did not err in rendering a default judgment of foreclosure. We further conclude that Watts failed to establish that the sheriff's sale was not properly conducted. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

**{¶ 3}** Watts and Heidi Thrasher borrowed money from plaintiff-appellee Bank of America, N.A., to purchase property located at 8441 Haddix Road in Fairborn, Clark County, Ohio. Watts and Thrasher jointly executed a note and mortgage to secure the loan.

**{¶ 4}** The Bank brought this foreclosure action against Watts and Thrasher. The Bank requested service of process by certified mail, and also by the Sheriff. A return was filed indicating that service by Sheriff failed due to "wrong address." The certified mail addressed to Watts was signed by Thrasher and filed of record.

**{¶ 5}** A default judgment of foreclosure was entered on August 20, 2012. A praecipe for order of sale was filed on August 29.

**{¶ 6}** On September 7, Watts filed a Motion for Leave to File an Answer Out of Time. The answer did not allege any defects in service and did not set forth any defenses to the Bank's

claims.   Three days later, Watts filed a motion to vacate the default judgment.   The Bank filed a response to the motion to vacate.   An appraisal was filed on September 18 giving an estimated value of $60,000 for the property.

**{¶ 7}**   Watts then filed an "answer" to the Bank's response to his motion to vacate the judgment, along with a motion to stay the sheriff's sale.   In that motion, Watts raised the issue of service.   Thereafter, on November 13, 2012, Watts filed a motion requesting a hearing on the motions to vacate the judgment and stay the Sheriff's sale.   The record shows that a notice of Sheriff's sale was sent, by regular mail, to Watts at the Haddix Road address.   Watts filed a Motion to Vacate and Objection to Sheriff's Sale on December 20.   The motions to vacate the judgment and stay the sale were denied by a magistrate.   The sheriff's sale was conducted on December 21.

**{¶ 8}**   On January 7, 2012, Watts filed a Motion to Set Aside Sheriff's Sale or in the Alternative to Stay Confirmation of Sheriff's sale.   He also filed an objection to the trial court's denial of his motions to vacate the judgment and stay the sale.   The trial court entered a Judgment Entry Confirming the Sheriff's Sale and Order of Distribution on February 8, 2013.

**{¶ 9}**   Watts appealed from both the default judgment of foreclosure and the confirmation of sale.   The Bank moved to dismiss the appeal from the default judgment of foreclosure upon the grounds that the judgment was not timely appealed.   This court denied the Bank's motion to dismiss, finding that the Clark County Clerk of Courts had failed to comply with Civ.R. 58(B) with regard to the default judgment, so that the time for filing an appeal therefrom had never begun to run.

**II. Because Watts Was Served with the Complaint in Accordance with Civ.R. 4.1, He Was Presumed to have Been Properly Served with Notice of the Complaint; His Affidavit Falls Short of Overcoming that Presumption, Because it Fails to Aver that He Was without Knowledge of the Complaint in Sufficient Time to Respond Before Default Judgment Was Rendered**

{¶ 10} Watts' First Assignment of Error states:

WATTS' DUE PROCESS RIGHTS WERE REPEATEDLY VIOLATED.

{¶ 11} Watts contends that the trial court erred by not dismissing the foreclosure action against him for lack of personal jurisdiction.

{¶ 12} The trial court's judgment is governed by Civ.R. 55, which states in pertinent part that when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *." A default judgment will not be disturbed on appeal unless there is an abuse of discretion by the trial court. *Wright State Univ. v. Williams,* 2d Dist. Greene No. 12 CA 37, 2012-Ohio-5095, ¶ 5. Abuse of discretion is a phrase that implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} "[A] defendant in a foreclosure action who has been properly served with the complaint may not sit on his rights." *Bank of New York v. Baird,* 2d Dist. Clark No.2012-CA-28, 2012-Ohio-4975, ¶ 29, citing *GMAC Mortgage, L.L. C. v. Herring,* 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 47-50 (2d Dist.). He is "required to respond to the complaint, either by filing an answer or by challenging the allegations in the complaint by motion, such as a motion to dismiss, pursuant to Civ.R. 12(B), a motion for a more definite

statement under Civ.R. 12(E), or a motion to strike, pursuant to Civ.R. 12(F)." *Herring* at ¶ 50.

{¶ 14}    Pursuant to Civ.R. 4.1, service can be perfected by certified mail "evidenced by return receipt signed by any person * * *."    When a party has followed the Ohio Civil Rules governing service of process, courts presume that service is proper unless the other party rebuts this presumption with sufficient evidence that service did not occur.  *Carter-Jones Lumber Co. v. Meyers,* 2d Dist. Clark No.2005 CA 97, 2006-Ohio-5380, ¶ 11.    The record demonstrates that summons was sent by certified mail to Watts at the address upon which the Bank held the mortgage.    There is no evidence in this record that the Bank was aware of any other address for service.    The parties do not dispute that the certified mailing was signed on behalf of Watts by Thrasher, his co-mortgagee.

{¶ 15}  In his affidavit in support of the motion to vacate, Watts averred that he "hold[s] an interest in the real property in dispute in this case[,]" but that he had not resided at the Haddix Road address since 2009.  He further averred that he and Thrasher were estranged as early as 2009, and that she failed to inform him that she had signed the receipt for the certified mailing from the Clerk's office and failed to forward it to him.  He further averred that he "was not aware of this action prior to being notified by [his] attorney in August 2012."

{¶ 16}    Watts did not aver that he never received mail at the Haddix Road address. Furthermore, as noted above, the default judgment was not entered until August 20, 2012.  In his affidavit, Watts avers that he became aware of the complaint "in August 2012."  Significantly, the affidavit does not indicate that he became aware of the lawsuit only after the entry of the default judgment.  In other words, his affidavit falls short of averring that he had no notice of the complaint, or that he did not have time to file a responsive pleading, prior to the entry of

judgment.   We conclude, therefore, that the trial court did not err in finding that Watts had failed to overcome the presumption that he was properly served with notice of the Bank's complaint.

{¶ 17}   The First Assignment of Error is overruled.

### III.   The Trial Court Did Not Err in Concluding that Watts Failed to Prove that the Appraisal Used in Connection with the Sheriff's Sale Was Improperly Performed

{¶ 18}   Watts' Second Assignment of Error states as follows:

THE SHERIFF'S SALE SHOULD BE SET ASIDE BECAUSE IT WAS NOT CONDUCTED IN CONFORMITY WITH THE OHIO REVISED CODE.

{¶ 19}   Watts contends that the trial court abused its discretion by failing to set aside the sale of the property.   In support, he argues that he was not properly served with notice of the sale.   He also argues that the appraisal of the property was not conducted in conformity with the provisions of R.C. 2329.17.

{¶ 20}   We turn first to the issue of service.   R.C. 2329.26 provides:

(A) Lands and tenements taken in execution shall not be sold until all of the following occur:

(1)(a) Except as otherwise provided in division (A)(1)(b) of this section, the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney does both of the following:

(i) Causes a written notice of the date, time, and place of the sale to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment

giving rise to the execution was rendered;

(ii) At least seven calendar days prior to the date of the sale, files with the clerk of the court that rendered the judgment giving rise to the execution a copy of the written notice described in division (A)(1)(a)(i) of this section with proof of service endorsed on the copy in the form described in division (D) of Civil Rule 5.

(b) Service of the written notice described in division (A)(1)(a)(i) of this section is not required to be made upon any party who is in default for failure to appear in the action in which the judgment giving rise to the execution was rendered.

(2) The officer taking the lands and tenements gives public notice of the date, time, and place of the sale once a week for at least three consecutive weeks before the day of sale by advertisement in a newspaper of general circulation in the county. The newspaper shall meet the requirements of section 7.12 of the Revised Code. The court ordering the sale may designate in the order of sale the newspaper in which this public notice shall be published.

{¶ 21}   Watts complains that the notice of sale was sent to him at the Haddix Road address instead of his actual address. He admits that the sale was published in the newspaper. He does not claim that he lacked notice of the date, time and place of the sale.  Furthermore, both the statute and Civ.R. 5 note that a party in default need not be served with notice of the sale.   Thus, we conclude that this argument is without merit.

{¶ 22}   We next address whether the property was properly appraised.  R.C. 2329.17 provides, in pertinent part, as follows:

When execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money.

{¶ 23} Watts contends that the appraisers did not comply with the "actual view" requirement, because they did not enter the property. He further contends that he was prejudiced by this failing, because "a significant amount of improvements had been made to the interior of the property [and those improvements caused the property to have a 2011 appraised value of $162,000.]" He notes that the 2011 appraisal is more than $100,000 higher than the foreclosure appraisal of $60,000. He also notes that the County Auditor's Office shows an appraisal amount of $162,400.

{¶ 24} This court has held that "in cases where the condition of a house may have an impact on the value of the real property on which it stands, that house should be entered by appraisers sworn to conduct their appraisal 'upon actual view' as required by R.C. 2329.17." *Glendale Federal Bank v. Brown*, 2d Dist. Montgomery No. 13976, 1994 WL 12475, * 3 (Jan. 21, 1994).

{¶ 25} The record in this appeal contains a Land Appraisement filed on September 18, 2012. The document is signed by "three disinterested freeholders, residing within [Clark County]." The document states that the appraisal was made "after actual view of the premises," and sets the value of the property at $60,000.

{¶ 26}   To rebut the propriety of the appraisal, Watts filed an affidavit with his January 7, 2013 Motion to Set Aside Sheriff's Sale and Motion to Stay Confirmation of Sheriff's Sale. Watts contends that the affidavit demonstrates that the appraisers did not enter the property when viewing it for appraisal.   The affidavit, signed by Kristina Masterson,  "Legal Assistant" at the law firm retained by Watts, states in pertinent part as follows:

4.  On Wednesday, December 19, 2012, I faxed an inquiry to [B.C.], one of the appraisers of the real property located at 8441 Haddix Road, Fairborn, Ohio requesting information about the appraisal procedure.

5.  On Thursday, December 20, 2012, I received a telephone call from Bill Crump of the Clark County Sheriff's Department.

6.  During the call Mr. Crump stated that he had been asked to call me by [B.C.].

7.  Mr. Crump asked why I was requesting the information.  I explained that our firm was involved in litigation involving this property and that there are conflicting appraisals.

8.  Mr. Crump stated that he is in charge of all the Sheriff's Sale appraisals in Clark County.

9.  Mr. Crump stated that this appraisal was conducted according to the standard procedure for Sheriff's Sale appraisals in Clark County.

10.  Mr. Crump stated that all appraisals are "cursory appraisals" in which the outside of the property is viewed, but the appraisers do not go inside the property.

11. When I asked specifically whether the appraisers went inside 8441 Haddix Road, Mr. Crump stated that they did not.

**{¶ 27}** This affidavit constitutes hearsay. In fact, as the Bank points out, it is likely double hearsay, since it is the affiant's statement of what Bill Crump told her, and it is likely that Bill Crump got his information concerning whether the appraisers went inside the property from one or more of the appraisers, rather than from his personal knowledge. Consequently, we conclude that the trial court did not abuse its discretion when it chose not to credit the averments in the Masterson affidavit concerning whether the appraisers went inside the property.

**{¶ 28}** Finally, Watts attempted to demonstrate that he was prejudiced by the Sheriff's appraisal by submitting a 2011 appraisal of the property filed in a separate action, by citing the Clark County Auditor's Office valuation of the property, and by citing a website called "Realtor.com" regarding property values in the vicinity.

**{¶ 29}** We first note that the 2011 appraisal is not authenticated. Furthermore, the appraisal is dated a full year prior to the Sheriff's appraisal. There is nothing in this record to indicate that the Sheriff's appraisal, which is the more recent appraisal, is incorrect or that it does not reflect the current value of the residence. Also, the web sites to which Watts referred are not part of the record before us, and we cannot consider them. Therefore, we conclude that Watts has not demonstrated actual prejudice.

**{¶ 30}** We conclude that the trial court did not err in denying the motion to set aside the Sheriff's sale. Accordingly, the Second Assignment of Error is overruled.

**IV. Conclusion**

**{¶ 31}** Both of Watts' assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

James S. Wertheim
Maria Candace Burnette
Michael A. Mayer
Theresa Baker
Hon. Richard J. O'Neill