[Cite as *Bank of America v. Friedman*, 2014-Ohio-5034.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100625**

**BANK OF AMERICA, N.A.**

PLAINTIFF-APPELLEE

vs.

**PETER B. FRIEDMAN, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-789849

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 13, 2014

**ATTORNEY FOR APPELLANTS**

Eugene I. Selker
Selker & Associates, Ltd.
34305 Solon Road
100 Franklin's Row
Solon, Ohio 44139


**ATTORNEYS FOR APPELLEE**

Richard J. Feuerman
Eric T. Deighton
James L. Sassano
Carlisle, McNellie, Rini, Kramer & Ulrich, Co., L.P.A.
24755 Chagrin Blvd., Suite 200
Cleveland, Ohio 44122

EILEEN T. GALLAGHER, J.:

{¶1} Defendants-appellants, Peter B. Friedman and Marina Corleto, ("appellants"), appeal from the trial court's judgment denying their Civ.R. 60(B) motion for relief from judgment. Finding no merit to the appeal, we affirm.

{¶2} In 2007, appellants secured a mortgage through Quicken Loans for $191,000. Appellants admit that they began to default on their mortgage payments sometime around December 2011. In February 2012, the mortgage was sold, transferred, and assigned to Bank of America, which was the successor by merger to BAC Home Loans Servicing, L.P. (formerly known as Countrywide Home Loan Servicing, L.P.).

{¶3} In August 2012, plaintiff-appellee, Bank of America, filed a foreclosure action against appellants. Copies of both the original note and mortgage agreement, as well as the mortgage assignment, were attached to the complaint. Appellants were properly served with the complaint in September 2012, but failed to answer.

{¶4} In October 2012, Bank of America filed a motion for default judgment. Appellants were properly served with the motion and subsequent notice of the default hearing, scheduled in November 2012, but failed to reply or to appear at the hearing. In November 2012, a judgment of foreclosure was granted in favor of Bank of America for the balance of the mortgage by default. No objections to the magistrate's decision were filed, and in December 2012, the trial court adopted the magistrate's decision in its entirety.

{¶5} In February 2013, appellants filed a Civ.R. 60(B) motion to vacate the judgment, alleging that Bank of America did not have standing to file the foreclosure action. In October

2013, the trial court denied appellants' motion. It is from this denial that appellants now appeal, raising two assignments of error.

## Civ.R. 60(B) and Standing

{¶6} In their first assignment of error, appellants argue Bank of America lacked standing to pursue foreclosure at the time the complaint was filed. In their second assignment of error, appellants argue the trial court erred in denying their Civ.R. 60(B) motion and their request for an evidentiary hearing on the motion.

{¶7} Appellants argued in their Civ.R. 60(B) motion, as well as on appeal, that Bank of America committed fraud by falsifying documents in order to establish themselves as the owner and holder of the original note at the time the foreclosure action was filed. As a result of this fraud, Bank of America lacked standing to bring the foreclosure action, and without standing, the trial court was divested of subject-matter jurisdiction to hear the case.

{¶8} This court has reviewed appeals of Civ.R. 60(B) motions for relief from judgment by analyzing the bank's standing pursuant to *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. However, recently in *Bank of Am., N.A. v. Kuchta*, Slip Opinion No. 2014-Ohio-4275, the Ohio Supreme Court resolved the inter-district conflict regarding whether a party has the ability to collaterally attack a judgment in a foreclosure action by asserting the issue of standing in a Civ.R. 60(B) motion for relief from judgment.

{¶9} The Ohio Supreme Court answered the question in the negative, holding "that lack of standing cannot support a Civ.R. 60(B)(3) motion for relief from judgment, even if a plaintiff's assertion of standing was patently false."
*Id*. at ¶ 25. The court in *Kuchta* found that a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal from the judgment in foreclosure on the issue of standing. The court held

that the doctrine of res judicata applies to bar a party from asserting lack of standing in a motion for relief from judgment. *Id*. at ¶ 8.

{¶10} In the instant case, appellants argue the trial court erred in denying their Civ.R. 60(B) motion after raising the meritorious defense of fraud. Appellants argue the trial court was divested of subject-matter jurisdiction as a result of Bank of America's lack of standing. However, in *Kuchta* the Ohio Supreme Court held that a lack of standing does not affect the subject-matter jurisdiction of the court. *Id*. at paragraph three of the syllabus.

{¶11} Furthermore, the court in *Kuchta* reiterated that allegations of fraud related to standing in a foreclosure case are not the type of fraud contemplated by Civ.R. 60(B)(3).

> We agree with the widely held view, expressed by the Tenth District in [*PNC Bank, N.A. v. Botts*, 10th Dist. Franklin No. 12AP-256, 2012-Ohio-5383], that the fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain a judgment and does not refer to conduct that would have been a defense to or claim in the case itself. *Botts* at ¶ 15; *GMAC Mortg., L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 31 (2d Dist.); *First Merit Bank, N.A. v. Crouse*, 9th Dist. Lorain No. 06CA008946, 2007-Ohio-2440, ¶ 32; *Wells Fargo Fin. Leasing, Inc. v. Gilliland*, 4th Dist. Scioto No. 03CA2916, 2004-Ohio-1755, ¶ 19; *Tower Mgt. Co. v. Barnes*, 8th Dist. Cuyahoga No. 51030, 1986 Ohio App. LEXIS 7788, 1986 WL 8623, *3.

*Kuchta* at ¶ 13. Bank of America's alleged fraud in no way prohibited appellants from appearing and presenting a full defense. Accordingly, appellants were not entitled to relief from judgment based on these allegations.

{¶12} Finally, although the judgment of foreclosure was entered as a result of Bank of America's motion for default, appellants could have raised the issue of fraud and standing at the trial level or on direct appeal. Whereas the Kuchtas answered and appeared in their case, appellants certainly could have raised the issue of standing had they done the same.

**{¶13}** It is clear that appellants filed a Civ.R. 60(B) motion in order to litigate issues they failed to raise at the trial level or on direct appeal. "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Kuchta* at ¶ 16, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8-9. Thus, the doctrine of res judicata bars appellants' attempted collateral attack against the judgment in foreclosure.

**{¶14}** Accordingly, both assignments of error are overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR