[Cite as *Bissell v. Bissell*, 2016-Ohio-3086.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| MELISA M. BISSELL | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26855 |
| | : | |
| v. | : | Trial Court Case No. 13-DR-815 |
| | : | |
| SCOTT D. BISSELL | : | (Civil Appeal from |
| | : | Domestic Relations Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of May, 2016.

. . . . . . . . . . .

PAUL B. RODERER, JR., Atty. Reg. No. 0063936, Roderer Law Office, LLC, 4 East Schantz Avenue, Dayton, Ohio 45409
        Attorney for Plaintiff-Appellee

SCOTT BISSELL, 5455 Paddington Road, Centerville, Ohio 45459
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1} Scott D. Bissell appeals pro se from the trial court's decision and entry

overruling his Civ.R. 60(B) motion for relief from a final judgment and divorce decree. In his sole assignment of error, Scott contends the trial court erred in denying him relief from the judgment.[1]

{¶ 2} The record reflects that appellee, Melisa M. Bissell, filed a complaint for divorce in August 2013. Scott and Melisa ultimately reached an oral agreement resolving all issues in the case, including child custody, parenting time, daycare, child and spousal support, division of assets and liabilities, insurance, pensions, and other things. The agreement was read into the record and accepted by the trial court during a March 16, 2015 hearing. The 70 pages of hearing transcript contain a recitation of determined settlement terms and negotiation of others. Near the end of the hearing, counsel for Melisa advised the court that he would prepare a written final judgment and divorce decree for the trial court's approval. (Hearing Tr. at 64). The trial court told Scott and Melisa that it did not need their signatures on that final entry because they already had acknowledged "on the record here that this is your agreement." (*Id.* at 69). The trial court stated that it would sign a final entry "that puts that agreement into writing." (*Id.* at 70). By Order and Entry filed March 23, 2015, Melisa's attorney was to submit a divorce decree to the court by April, 16, 2015.

{¶ 3} Scott argues that following the hearing, the parties failed to agree on some of the language used for a final judgment and divorce decree to be submitted to the trial court for approval. A proposed "agreed" decree was circulated. Ultimately, several months later, counsel for Melisa submitted to the trial court a document captioned, "AGREED FINAL JUDGMENT AND DECREE OF DIVORCE." (Doc. #113). Melisa and her attorney

---

[1] For purposes of clarity, we will refer to the parties by their first names.

signed the document below the word "AGREED" on the final page. The words "Seen but not signed" were written on signature lines for Scott and his counsel. The trial court filed this document as a final judgment entry on August 5, 2015. (*Id.*).

**{¶ 4}** On August 28, 2015, Scott filed a pro se motion to set aside the August 5, 2015 final judgment. (Doc. #116). He insisted that he had not agreed to the final judgment and divorce decree submitted by Melisa's counsel and filed by the trial court. He explained that he had not agreed to the document, and therefore had not signed it, because it impermissibly altered substantive terms the parties had agreed to on the record during the March 16, 2015 hearing. Scott's set-aside motion identified four specific instances where he believed the document submitted by Melisa's counsel conflicted with the parties' on-the-record oral agreement: 1) regarding 2014 joint or separate tax filings; 2) regarding spring-break visitation for 2015 and beyond; 3) regarding whether the parties, one of whom now lives in the Columbus, Ohio area, are required to use the same child-care facility; and 4) regarding continuance of health care coverage provided by Melissa's employer. (*Id.* at 3-5).

**{¶ 5}** At the same time that the set-aside motion was filed, or to be precise within a minute thereof, Scott also separately filed a pro se combined Civ.R. 59 motion for a new trial and Civ.R. 60(B) motion for relief from the August 5, 2015 final judgment. (Doc. #117). In this filing, he repeated his argument about Melisa and her counsel altering what the parties previously had agreed to on March 16, 2015, but this motion did not contain the documentation that was attached to the set-aside motion, or the four specific instances he had referred to where the decree allegedly deviated from the parties' agreement. The Rule 59/Rule 60(B) motion focused on the assertion that Melisa's

counsel's act of captioning the proposed entry submitted to the trial court as an "AGREED" final judgment and decree of divorce constituted fraud or misrepresentation under Civ.R. 60(B)(3) because he never had agreed to its terms, which, he argues, were inconsistent with the parties' oral on-the-record agreement. (*Id.* at 3-4).

{¶ 6} On September 21, 2015, the trial court overruled Scott's combined motion for a new trial and motion for relief from judgment. In a three-sentence entry, it appears to have concluded that the proper avenue for Scott to seek relief was to file a direct appeal from the August 5, 2015 final judgment and divorce decree. (Doc. #123). No specific ruling was made on the set-aside motion, and we presume it was overruled.

{¶ 7} On October 6, 2015, Scott filed a notice of appeal from (1) the trial court's September 21, 2015 entry overruling his motion for a new trial and motion for relief from judgment under Civ.R. 60(B) and from (2) the trial court's August 5, 2015 final judgment and divorce decree. In a December 23, 2015 decision and entry, we dismissed, as untimely, Scott's appeal from the trial court's August 5, 2015 final judgment and divorce decree. The only issue properly before us, then, is the October 6, 2015 appeal from the September 21, 2015 trial court judgment entry overruling his motion for a new trial and motion for Civ.R. 60(B) relief.

{¶ 8} Scott's lone assignment of error addresses the Civ.R. 60(B) issue. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or

taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A Civ.R. 60(B) motion "is not a substitute for a timely appeal" from a challenged judgment. *GMAC Mortgage, L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio–3650, 937 N.E.2d 1077 (2d Dist.), ¶ 35, citing *State ex rel. Martin v. Ohio Adult Parole Auth.*, 124 Ohio St.3d 63, 2009-Ohio-6164, 918 N.E.2d 1005, ¶ 1.

{¶ 9} A trial court's Civ.R. 60(B) decision is reviewed for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 10} With the foregoing standards in mind, we conclude that the trial court did not abuse its discretion in denying Scott's Civ.R. 60(B) motion, which had been directed at a singular, discrete issue of whether the decree should have been titled an "Agreed Final Judgment and Decree of Divorce." Nonetheless, we disagree with the trial court's indication that he "may find relief in the Second District Court of Appeals." The trial court's short entry provides no analysis, and it did not reference any identified substantive deficiency for denial of the motion. Rather, we read the trial court's three-sentence entry as an expression of its belief that a direct appeal was the proper vehicle for Scott to raise his lack of agreement to the August 5, 2015 final judgment and to raise the alleged contradictions between the August 5, 2015 final judgment and the parties' on-the-record oral agreement. In other words, the trial court appears to have denied Scott's motion

based on the principle that a Civ.R. 60(B) motion is not a substitute for a direct appeal where the matter at issue can be raised in such an appeal.[2] We note that the issue Scott raised in his Civ.R. 60(B) motion was, as of the trial court's September 21, 2015 ruling, no longer capable of properly being raised in a direct appeal from the August 5, 2015 final judgment and divorce decree because Scott had failed to file an appeal of the August 5, 2015 final judgment within 30 days of the judgment.

**{¶ 11}** We also note that the Eleventh District Court of Appeals has found Civ.R. 60(B)(3) or (5) to be a proper remedy when an opposing party's counsel submits an "agreed" judgment entry that is "materially and substantially different" from a prior agreement dictated on the record. *See, e.g., Lintz v. Lintz*, 11th Dist. Portage No. 90-P-2261, 1992 WL 188354, *2-3 (June 12, 1992). Such conduct by opposing counsel can constitute fraud on a party, fraud on the court, a misrepresentation, or misconduct for purposes of Civ.R. 60(B). *Id.*; *see also C.B.H., Inc. v. Joseph Skilken & Co.*, 11th Dist. Lake No. 93-L-038, 1993 WL 548497, *4 (Dec. 17, 1993) ("Therefore, it is clear that Civ.R. 60(B)(5) is a proper avenue for seeking relief from an agreed entry which does not reflect the actual agreement between the parties, as long as the party seeking relief did not submit the entry"); *Randolph Twp. Trustees v. Portage County Agr. Society*, 11th Dist. Portage No. 94-P-0108, 1995 WL 815507, *2-3 (Dec. 15, 1995) (same).

---

[2] The trial court's judgment entry states: "This matter is before the Court upon the Defendant's pro se motion for a new trial and Civil Rule 60 B motion filed on August 28, 2015. The motion is **OVERRULED**. Defendant may find relief in the Second District Court of Appeals." (Doc. #123). It is not entirely clear whether the trial court was telling Scott (1) that his Civ.R. 60(B) motion was denied *because* he "may find relief" from its August 5, 2015 final judgment by way of direct appeal or (2) that his Civ.R. 60(B) motion was denied on the merits for unspecified reasons *and* he "may find relief" from the Civ.R. 60(B) ruling itself by means of a direct appeal. Nevertheless, we find the denial of the Civ.R. 60(B) motion is not an abuse of discretion.

{¶ 12} In the present case, the propriety of relying on Civ.R. 60(B), as opposed to a direct appeal from the August 5, 2015 "agreed" final judgment and divorce decree, is apparent. In addition to claiming that the August 5, 2015 judgment entry conflicted with the parties' prior agreement on the record, Scott asserted in his Civ.R. 60(B) motion that he and his attorney never did agree to the terms of the document that Melisa's counsel submitted for the trial court's approval. If Scott actually had agreed to the terms of the judgment entry that the trial court filed on August 5, 2015, then he would be unable, in a direct appeal, to challenge those terms on the basis that they conflicted with the parties' on-the-record oral agreement. It is axiomatic that "a party cannot appeal an agreed judgment entry to which he has consented." *Wingenfeld v. Wingenfeld*, 8th Dist. Cuyahoga No. 63942, 1993 WL 497074, *4 (Dec. 2, 1993).

{¶ 13} Although the face of the August 5, 2015 "agreed" final judgment and divorce decree that Melisa's counsel submitted to the trial court does not establish that Scott did not consent to its terms, someone (presumably Melisa's attorney or staff) wrote "Seen but not signed" on their signature lines. Those notations suggest that Scott and his counsel had seen but not signed the document, but their lack of signatures was self-evident. When viewed in light of Melisa's counsel captioning the document as an "AGREED" final judgment and divorce decree, the unexplained absence of signatures from Scott and his attorney did not definitively demonstrate their lack of consent to its terms. It would therefore have been appropriate for Scott to establish that he never agreed to the terms of the allegedly-agreed August 5, 2015 judgment entry through a Civ.R. 60(B) motion. To that extent, the trial court erred by suggesting that a direct appeal was the proper vehicle

for Scott to raise his lack of consent to the terms of the August 5, 2015 final judgment and to raise the alleged contradictions between that judgment and the parties' prior on-the-record agreement, but as a result of our further analysis, the overruling of the motion does not constitute reversible error.

**{¶ 14}** A closer examination of our record, particularly the specifics detailed in the "Motion to Set Aside Decree" filed contemporaneously with the Civ.R. 60(B) motion, reveals that Scott's four contentions about inaccuracies of the settlement agreement reflected in the filed decree border on absurdity. First, the motion's assertion that the tax-filing provision of the decree fails to reflect the parties' agreement is undeniably inaccurate. The transcript of the settlement on the record demonstrates the parties agreed to file 2014 tax returns "in a manner that's beneficial to them as a group." (Transcript at 13). If they filed separately, then the dependency exemption for their child would alternate annually between the parties. The "agreed" decree, at paragraph seven, deals with taxes in a similar manner. More telling, in response to Melisa's counsel's initial draft of the decree language, Scott's then-counsel submitted their version of the decree (attached to the motion as the first exhibit unnumbered), which had been signed by Scott and contained *identical* language, word for word, approving the tax-return language that wound up in the "agreed" decree. The correspondence between counsel indicates there is a disagreement whether Melisa, due to a change in circumstances, intended to follow this provision, but the provision itself is as agreed to in court.

**{¶ 15}** Second, with regard to visitation, the transcript contains the following about spring break:

[Planitiff's counsel]: They're just rotating, accordance [sic] with the

standard order, and whatever school district the mother resides in - -

[Defense counsel]: Right.

[Plaintiff's counsel]: - - that will be spring break.

[Appellant]: I mean, I would propose that we just skip the spring break.

[Defense counsel]: But it's up to her. I mean, if she wants a spring break.

[Appellant]: Correct.

[Defense counsel]: We would get this year and next year. There isn't any spring break. [The child was not yet of school age.]

(Transcript at 17-18).

{¶ 16} The "agreed" decree provides for parenting time in accordance with the attached standard order, which provides for alternating spring break with father having odd-numbered years. The decree language proposed and signed by Scott contained identical language to that included in the "agreed" decree with the addition of the phrase "except for Spring Break which will not be observed by the parties." How Scott believes this additional language is a fair interpretation of the transcribed agreement is beyond us. Melisa never agreed to forego spring break. The trial court's filed decree adopting the standard order for spring break is consistent with the parties' statements, supported by Scott's own documentation, always subject to further court order, and did not require a hearing to ascertain any facts necessary to have overruled the Civ.R. 60(B) motion.

{¶ 17} Third, Scott's set-aside motion complains that although the parties agreed to share child-care expenses, Melissa now lives in Columbus, Ohio, and he contends he

should be free to have his own local child care on the alternating weeks when he exercises his parenting time. He then would pay for his child care, and she would pay for hers, rather than he having to pay her for one-half of her child care for the weeks that the child does not attend in her locality. The attorney letters attached to the set-aside motion show there is disagreement about this development in child care. Scott's fundamental problem for his set-aside or Civ.R. 60(B) motions is that the "agreed" decree does not address this issue *at all*. And Scott's proposed decree that he signed also says nothing about how, or by whom, the sharing of child care expenses is to be handled. If there is a dispute over child-care providers or sharing of expenses therefor, that is a matter for post-decree proceedings that may be raised by either party. No hearing was necessary on this issue for the trial court to have overruled the Civ.R. 60(B) motion.

{¶ 18} Fourth, in his set-aside motion, Scott complains that Melisa has health coverage for the child at no cost and as long as that is available to her without cost, she was to continue to provide secondary coverage. The transcript reveals what was actually said at the time of the agreement of record:

> And then with respect to health insurance, the defendant [Scott Bissell] is going to provide health insurance on all things available to him at a reasonable cost just under future employer.
>
> Currently the plaintiff has insurance for [the child] at no additional costs. And so long as that's the case, she'll continue to provide that health insurance for [the child] as secondary insurance.

(Transcript at 11).

{¶ 19} The body of the filed "agreed" decree provides that the father shall provide

group health coverage for the minor child if available through his employer at a reasonable cost. That portion of the decree does not contain a provision for mother to provide secondary coverage if it costs her nothing. However, the attached and incorporated "Standard Order of Health Care Needs for Dependent Children" lists the priorities of who shall provide for health coverage as required by R.C. 3119.30. That document requires that the parents "shall designate the children as covered dependents on any health insurance plan for which they contract." (Standard Order at ¶ 3). Arguably, then, Scott has a complaint that the body of the decree did not also contain language requiring mother to continue health coverage for the child if it costs her nothing. On the other hand, Scott's proposed version of the decree language required "that Obligor and Obligee shall obtain health insurance coverage for the dependent children, if coverage is available at a reasonable cost to both Obligor and Obligee and dual coverage would provide for coordination of medical benefits without unnecessary duplication of coverage." (Motion to set aside, first exhibit unnumbered, at ¶ 10). But that is not what was agreed to either. We believe if mother has health insurance coverage through employment that will cover the minor child without any additional cost to her, the standard order of health care requires that she designate the child as a dependent. Accordingly, Scott's argument that she was not required to do so necessarily fails.

{¶ 20} We note that a Civ.R. 60(B) movant must demonstrate that he has a meritorious defense or claim to present if relief is granted. Because the resolution of a Civ.R. 60(B) motion is within a trial court's sound discretion, and because examination of the record reveals no inconsistency between the agreement and the decree, the trial court did not abuse its discretion by overruling the Civ.R. 60(B) motion. Scott's allegedly-

meritorious claim or defense is that the oral agreement materially and substantially conflicts with the written judgment to which he did not agree. The specific areas of conflict are identified in his August 28, 2015 motion to set aside judgment. The essence of his argument under either subsection is that Melisa's counsel engaged in fraud, misrepresentation, or other misconduct by supplying the trial court with a proposed final judgment that conflicted with the parties' on-the-record oral agreement and by presenting the document as an "AGREED" entry when, in fact, he never had agreed to its terms. It perhaps may have been preferred that the proposed circulating document had the word "agreed" deleted before filing, but the fact that the language is not precisely as Scott desires is evident from the "Seen but not signed" notations on the signature lines for him and his attorney.[3]

{¶ 21} Based on the reasoning set forth above, we overrule Scott's assignment of error. The trial court's denial of his Civ.R. 60(B) motion for relief from judgment is affirmed.

. . . . . . . . . . . .

DONOVAN, P.J., concurs.

FROELICH, J., dissenting:

{¶ 22} Without necessarily disagreeing with the facts in the majority opinion, I believe the case should be remanded for the trial court to consider the merits of the Civ.R. 60(B) motion.

. . . . . . . . . .

---

[3] Scott's counsel at the time of the settlement agreement, his third trial counsel, including for a brief period himself also an attorney, withdrew from further representation after the decree was filed but before the filing of the set-aside and Civ.R. 60(B) motions.

Copies mailed to:

Paul B. Roderer, Jr.
Scott D. Bissell
Hon. Steven L. Hurley
(sitting by assignment)