[Cite as *Johnson-Rome v. Rome*, 2017-Ohio-4099.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ALESIA JOHNSON-ROME | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27200 |
| | : | |
| v. | : | Trial Court Case No. 2014-DR-1094 |
| | : | |
| WENDELL K. ROME | : | (Domestic Relations Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of June, 2017.

. . . . . . . . . .

DALMA GRANDJEAN, Atty. Reg. No. 0024841, 1 S. Main Street, Suite 1590, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

PATRICIA CAMPBELL, Atty. Reg. No. 0068662, 90 E. Franklin Street, Bellbrook, Ohio 45305
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Alesia Johnson-Rome appeals from the trial court's final judgment and divorce decree that, among other things, terminated the parties' marriage, divided their assets and liabilities, and allocated parental rights regarding their minor child.

{¶ 2} Johnson-Rome advances two assignments of error. First, she contends the trial court erred in adopting a final judgment and divorce decree that materially differed from a prior in-court agreement. Second, she claims the trial court erred in journalizing the decree, which had been drafted by opposing counsel, without first verifying each party's compliance with a pertinent local rule.

{¶ 3} The record reflects that Johnson-Rome filed a divorce complaint against appellee Wendell Rome in November 2014. The matter proceeded to a June 24, 2016 final hearing before the trial court. At the outset of the hearing, the parties stated that they had reached an agreement resolving all disputed issues. The trial court addressed those issues with the parties, and the agreement was read into the record. After obtaining assurances that the parties understood the agreement and that they were entering into it voluntarily, the trial court directed Rome's counsel to draft a divorce decree that incorporated the agreement's terms. Thereafter, Rome's counsel submitted the requested proposed final judgment and divorce decree to the trial court. The decree was signed by Rome and his attorney. The signature lines for Johnson-Rome and her counsel contained the handwritten words, "Seen but not signed." The trial court journalized the final judgment and divorce decree on June 30, 2016. This appeal followed.

{¶ 4} We turn first to Johnson-Rome's second assignment of error. She contends the trial court violated Mont. D.R. Rule 4.23(B), which sets forth a procedure where, as

here, a trial court directs one party's counsel to prepare a final judgment and divorce decree. The rule provides:

> **(B) Contested matters.** When the advance preparation of a final judgment and decree is not possible because of contested issues, the court may direct either party or counsel to prepare the decree following the final hearing.
>
> (1) Unless otherwise directed by the court, counsel for plaintiff shall present a proposed decree to the court and opposing party or counsel within ten (10) days after the final hearing.
>
> (2) Opposing party or counsel shall have three (3) days to approve or reject the proposed decree. In the event the proposed decree is rejected, the opposing party or counsel shall notify immediately in writing his or her objections.
>
> (3) Failure of opposing party or counsel to approve or reject any proposed decree will permit the party who prepared the decree to present it for journalization. In such instances the proposed decree shall be submitted in accordance with this rule.
>
> (4) Failure to timely submit a decree in accordance with this rule may result in the issuance of a citation of contempt to counsel in the case.
>
> (5) All decrees submitted to the court shall comply with the provisions of section (D) of this rule.[1]

---

[1] The provisions of section (D) specify items to be submitted with a decree when child support, spousal support, or dependent health insurance are involved. Johnson-Rome's argument on appeal does not implicate section (D).

{¶ 5} In her second assignment of error, Johnson-Rome asserts that the trial court violated Mont. D.R. Rule 4.23(B) by journalizing the decree prepared by opposing counsel "without first verifying each party's compliance" with the foregoing provisions. More specifically, she argues that the "seen but not signed" notation on the proposed decree should have alerted the trial court "that there was an issue with the Parties' in-court agreement" and that the proposed decree did not reflect a "meeting of the minds." Johnson-Rome further claims Mont. D.R. Rule 4.23(B) "is explicit that when there is a failure by the other party and counsel to approve the proposed Decree, then the party submitting the Decree should ensure that it is submitted to the Court in accordance with Mont. D.R. 4.23(B)(3)." Johnson-Rome argues:

> * * * Counsel for Appellee did not affirmatively state in any manner that the Decree was submitted to the Court in compliance with Mont. D.R. 4.23. Further, counsel for Appellee did not indicate to the Court that the decree had been presented to the opposing party and counsel who failed to approve or reject the proposed decree within the time limit prescribed. Such failure to affirmatively advise the trial court that the opposing party has neither approved nor rejected the proposed decree is misleading and does not promote judicial economy.

(Appellant's brief at 19-20).

{¶ 6} Johnson-Rome also faults the trial court for not inquiring into the lack of a signature by her and her counsel. She reasons:

> Further, the trial court herein did not conduct any type of investigation, conference or hearing between the parties or counsel to

determine why the Decree was not signed by Appellant and her counsel nor did the trial court stay the matter pending the presentation of a Decree which accurately incorporated the Parties' in-court agreement. While it is not anticipated by any party that the trial court have recall of the intricacies of the numerous agreements between the parties who come before it, the court should, however, engage in an investigation when presented with a proposed entry by one party that the opposing party has either failed or refused to sign. By journalizing the Decree in this matter, the trial court disregarded the import of D.R. Rule 4.23 by permitting the Appellee to circumvent the protection of a rule designed to facilitate judicial economy, while ensuring that both parties received the benefit of their agreed upon resolution of this case. * * *

(*Id.* at 20).

{¶ 7} Upon review, we find Johnson-Rome's argument to be unpersuasive. The trial court did not "disregard" Rule 4.23 by failing to investigate the "seen but not signed" notation on the proposed decree. Rather, the language of Rule 4.23 reveals that Johnson-Rome disregarded the rule by not affirmatively rejecting the proposed decree and not providing notice of that fact in writing. Johnson-Rome does not dispute that opposing counsel provided her and her trial attorney with a copy of the proposed final judgment and divorce decree, as evidenced by the "seen" notation on the applicable signature lines. Therefore, opposing counsel complied with Rule 4.23(B)(1). The next provision, Rule 4.23(B)(2), gave Johnson-Rome or her counsel three days to approve or reject the proposed decree, with a rejection being accompanied by written objections. Johnson-

Rome does not assert on appeal that she was deprived of the required three days, and the record reveals no explicit approval or rejection with objections. Johnson-Rome argues, however, that the trial court should have been alerted to her timely rejection by the fact that the proposed decree was "seen but not signed." That notation, however, was insufficient to constitute a rejection with objections. The fact that the proposed decree had not been signed by Johnson-Rome and her counsel was self-evident. The "not signed" notation did not identify *why*, among any number of potential reasons, the proposed decree had not been signed. The mere lack of a signature does not constitute a written rejection with objections, as required by Rule 4.23(B)(2). Therefore, under Rule 4.23(B)(3), the proposed decree was entitled to be submitted for journalization. Although Johnson-Rome complains about opposing counsel not "affirmatively" advising the trial court that the proposed decree had been "submitted in accordance with" Rule 4.23, the rule did not obligate opposing counsel to include such a statement. Rather, Rule 4.23(B)(3) simply states that "the proposed decree shall be submitted in accordance with this rule." Johnson-Rome has not identified how submission of the proposed decree violated the rule. Accordingly, we overrule her second assignment of error.

{¶ 8} With regard to the first assignment of error, we note that the purpose of requiring an objecting party to "reject" a proposed divorce decree and to object in writing is to give the trial court an opportunity to address the disputed issues before journalizing its decree. Absent a clear rejection in writing with objections, the trial court here had no obligation sua sponte to cross reference the proposed divorce decree with the terms of the parties' on-the-record agreement. By failing to raise below the issues about which she now complains, Johnson-Rome deprived the trial court of an opportunity to address them.

Therefore, she has waived her argument about the terms of the proposed divorce decree differing from the parties' in-court agreement.[2] *Kinkel v. Kinkel*, 8th Dist. Cuyahoga No. 81890, 2003-Ohio-3023, ¶ 11 ("Hannah had full opportunity to object to the proposed journal entry but did not do so. She cannot now complain that the journal entry that was journalized did not conform to the agreements when she did not make the court aware of her objections."); *Schrock v. Schrock*, 12th Dist. Madison No. CA2005-04-015, 2006-Ohio-748, ¶ 45 ("In the case at bar, appellant failed to reject the allegedly inconsistent entry, failed to alert the court to a dispute as to the proposed entry and thereafter failed to seek relief from the trial court when the entry was adopted and filed. It is not the province of this court to make a factual determination as to the existence or non-existence of an agreement to extrajudicial terms. Appellant waived her right to challenge the terms contested in this appeal."). The first assignment of error is overruled.

{¶ 9} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Dalma Grandjean
Patricia Campbell
Hon. Timothy D. Wood

---

[2] In light of this conclusion, we need not decide whether a direct appeal, as opposed to Civ.R. 60(B), is a proper vehicle for Johnson-Rome to obtain the relief she seeks. *But see Bissell v. Bissell*, 2d Dist. Montgomery No. 26855, 2016-Ohio-3086, ¶ 10-13 (finding that Civ.R. 60(B) relief was the proper remedy when a purported agreed judgment entry allegedly differed from the parties' in-court agreement).