[Cite as *Sullivan v. Sullivan*, 2021-Ohio-1117.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LISA ANN HORVATH SULLIVAN | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28961 |
| | : | |
| v. | : | Trial Court Case No. 2016-DR-1086 |
| | : | |
| BRENDAN E. SULLIVAN | : | (Domestic Relations Appeal) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of April, 2021.

. . . . . . . . . . .

BRIAN A. KRUSE, Atty. Reg. No. 0087411, 10532 Success Lane, Dayton, Ohio 45458
    Attorney for Plaintiff-Appellee

BRENDAN E. SULLIVAN, 1199 Durham Drive, Centerville, Ohio 45459
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant Brendan E. Sullivan appeals from the trial court's order overruling his motion for Civ.R. 60(B) relief from the trial court's July 17, 2020 judgment. Since the trial court did not abuse its discretion by overruling Brendan's[1] motion, the trial court's judgment will be affirmed.

**Facts and Procedural History**

{¶ 2} The parties' divorce proceeding culminated in the June 21, 2018 filing of a final judgment and decree of divorce ("divorce decree"). Pertinent to this appeal, the divorce decree required Brendan, a retired military officer, to pay his former wife, Lisa Ann Horvath Sullivan, 46.52 percent of his disposable military retirement pay. The divorce decree also required Brendan to directly pay Lisa this amount until "a separate document captioned MILITARY RETIRED PAY DIVISION ORDER," which was to be prepared by the "QDRO Group," became effective.[2]

{¶ 3} On October 12, 2018, Lisa filed a motion requesting that Brendan be found in contempt of court for his failure to directly pay Lisa her portion of the retirement benefit. A hearing before a magistrate was conducted on February 22, 2019. The magistrate concluded Brendan had not paid Lisa the entire amount of retirement pay to which she was entitled and that Brendan was therefore in contempt of court. According to the magistrate's decision, the deficit was $4,394.18. The magistrate ordered that Brendan could purge the contempt by paying Lisa $244 per month toward the arrearage until it

---

[1] For clarity, we will refer to the parties by their first names.

[2] Based upon the parties' statements at oral argument, it seems that this document has yet to be finalized.

was eliminated and by further paying Lisa $500 toward her attorney fees. Brendan filed objections and, upon receipt of the hearing transcript, supplemental objections. In a judgment filed on July 17, 2020, the trial court overruled the objections, but the court modified the purge order, stating: "Brendan may purge the contempt by signing and filing the paperwork to have Lisa paid her portion of the retirement directly and pay[ing] $500 in attorne[y] fees to Lisa within 90 days * * *." The trial court further ordered that the $4,394.18 arrearage be added to Brendan's support enforcement account to be repaid at the rate of $250 per month.

{¶ 4} Brendan appealed pro se. On October 23, 2020, we affirmed the trial court's July 17, 2020 judgment. *Sullivan v. Sullivan*, 2d Dist. Montgomery No. 28848, 2020-Ohio-5036. In the appeal, Brendan, though not setting forth any assignments of error, articulated the following issues for review:

1. The Appellant requests the Honorable court's review of 10 U.S. Code 1408. The Appellant is subject to the effects of two Trial Court Orders "Agreed Order Regarding Survivor Benefit Designation and Premium" dated 21 Sept 2017 and the Final Judgment and Decree of Divorce" dated 21 June 2018. In an attempt to bypass 10 U.S. Code 1408 Section (e) protections of 50% of his disposable retired income.

2. The Appellant requests the Honorable court's review of "The Military Pay Division Order" prior to signature. The order is not in compliance with 10 U.S. Code 1408, as it fails to protect 50% of the service member's disposable income, through a manipulation of calculations.

3. The Appellant requests the Honorable court's review and to parse the

Decision and Judgment dated 17 July 2020. The judgment has considerable errors, prejudices, and deliberate misrepresentations of facts and law.

4. The Appellant requests the Honorable court to review incidents of corruption, fraud, and judicial misconduct that not only violate the basic right of equality before the law but deny procedural rights guaranteed by the United States Constitution. Determining if the Appellant was represented honestly and fairly throughout the domestic relations court proceedings and if the officers of the court acted properly.

*Id.* at ¶ 12.   In our decision, we stated the following regarding the arrearage issue:

Based on the evidence before the trial court * * * we see no error in its determination that Brendan had not paid Lisa the required amount, despite his belief to the contrary and notwithstanding the fact that he had made some payments. In order to establish civil contempt, it is necessary to establish only the existence of a court order, knowledge of the order, and a violation of it.   Intent to violate the order need not be shown.

(Citation omitted.)   *Id.* at ¶ 15.   Finally, we stated the following regarding Brendan's other retirement pay concerns:

* * * On appeal, Brendan suggests that the trial court violated 10 U.S.C.1408 by awarding Lisa more than 50 percent of his disposable retired pay. But the trial court's calculations fail to support that assertion. He also suggests that Lisa has not paid the "survivor benefit premium" as required. Under the terms of the divorce decree, however, Lisa's percentage of Brendan's military pension was reduced from 50 percent to 46.52 percent

to account for her obligation to pay that premium. Thus, Lisa is paying the premium through this reduction. Brendan further argues that this deduction of 3.48 percent does not cover the full cost of the premium. But Brendan consented to this percentage when he signed the agreed divorce decree containing it. * * * If Brendan believes the divorce decree is erroneous, a Civ.R. 60(B) motion would be the proper avenue of relief. As it currently exists, the divorce decree only requires Lisa to pay 3.48 percent, which is being done through the deduction addressed above. Brendan also appears to suggest that other deductions to his disposable retired pay might apply under 10 U.S.C. 1408, but he did not present evidence of any at the hearing.

* * *

*Id.* at ¶ 16.

{¶ 5} On October 27, 2020, seemingly in response to our Civ.R. 60(B) reference noted above, Brendan filed a Civ.R. 60(B) motion "to correct" the July 17, 2020 judgment. The motion set forth eight "issues" which, in one fashion or another, asserted that the July 17, 2020 judgment was incorrectly decided.  On November 12, 2020, the trial court, without conducting a hearing, overruled Brendan's Civ.R. 60(B) motion, finding that the issues raised in the motion were barred by collateral estoppel.   This appeal followed.


**Analysis**

Civ.R. 60(B) Principles

{¶ 6} Civ.R. 60(B) allows a trial court to relieve a party from a final judgment for any of the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2)

newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. *GMAC Mtge. L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 31 (2d Dist.). Civ.R. 60(B) relief is appropriate when the moving party establishes the following: (1) entitlement to relief under one of the grounds for relief; (2) a meritorious claim or defense if relief is granted; and (3) the motion is timely made (if the asserted ground for relief is Civ.R. 60(B)(1), (2), or (3), the motion must be filed within one year of the judgment.) *Id.* at ¶ 30, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). As can be seen by the limited grounds for relief, Civ.R. 60(B) is not a mechanism to correct an erroneous decision. Such error correction is the purview of an appeal. *State v. Pigg*, 2d Dist. Champaign No. 2001-CA-6, 2001 WL 1018367, *1 (Sep. 7, 2001) (Civ.R. 60(B) motion asserted the trial court's sexual predator designation was erroneously made; thus it was an attempt to use a Civ.R. 60(B) motion as a "substitute for * * * an appeal.").

{¶ 7} An appellate court reviews a trial court's Civ.R. 60(B) decision for an abuse of discretion. *Bissell v. Bissell*, 2d Dist. Montgomery No. 26855, 2016-Ohio-3086, ¶ 9. A trial court abuses its discretion when its decision is "unreasonable, arbitrary, or unconscionable." *Id.*, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 8}** A movant is not automatically entitled to a hearing on a Civ.R. 60(B) motion. *GMAC Mtge.* at ¶ 33, quoting *Hrabak v. Collins*, 108 Ohio App.3d 117, 121, 670 N.E.2d 281 (1995). Instead, a trial court abuses its discretion when it overrules "a Civ.R. 60(B) motion * * * without holding an evidentiary hearing only if the motion or supporting affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B)." (Citations omitted.) *Id.*

## Assignments of Error

**{¶ 9}** Brendan asserts three assignments of error:

The trial court abused [its] discretion by denying the Civ.R. 60(B) motion without [a] hearing.

The trial court abused [its] discretion by failing to follow specific Federal Laws, Guidelines, Department of Defense Regulations, and processes that prevent division of military retirement pay and transfer of Survivor Benefits Plan.

The trial court * * * permitted extrinsic fraud by not allowing a Civ.R. 60(B) hearing to admit evidence that goes directly against the facts of this case.

To facilitate our review, we will first discuss the second assignment of error.

**{¶ 10}** Brendan's second assignment of error, although stated in terms of the trial court's purported abuse of discretion, is an assertion that the trial court erred by its failure to follow federal law, guidelines, and regulations regarding the division of the military retirement benefits, and that this failure "prevented" the division of the retirement pay in

the manner set forth in the divorce decree. Moreover, the asserted errors seem to relate to the divorce decree, not the July 17, 2020 judgment. In any event, a Civ.R. 60(B) motion, as discussed, is not the proper mechanism to seek correction of purported errors in a trial court's judgment.[3]

{¶ 11} Since Brendan's Civ.R. 60(B) motion did not articulate any Civ.R. 60(B) ground for relief, except in a conclusory fashion, the trial court did not abuse its discretion by overruling the motion. As such, Brendan's second assignment of error is overruled.[4]

First and Third Assignments of Error

{¶ 12} Brendan's first and third assignments of error assert, respectively, that the trial court abused its discretion by denying the Civ.R. 60(B) motion without a hearing and that the trial court "permitted extrinsic fraud" by not conducting a hearing during which "evidence that goes directly against the facts of this case" would have been admitted into evidence. As already discussed, Brendan's motion asserts trial court error as opposed to setting forth any Civ.R. 60(B) grounds for relief; as such, the trial court did not abuse its discretion by overruling Brendan's motion without conducting an evidentiary hearing. Brendan's first and third assignments of error are overruled.

---

[3] We realize that our previous opinion references Civ.R. 60(B), but the reference was to the divorce decree, not the July 17, 2020 judgment.

[4] Brendan's claim, which includes an assertion regarding Lisa's entitlement to a survivor benefit, that the retirement pay cannot be divided in the manner set forth in the divorce decree, may be accurate. However, this is not the issue in this appeal. This issue, in the first instance, would have to be decided by the trial court upon the filing of an appropriate motion.

**Conclusion**

**{¶ 13}** Having overruled Brendan's assignments of error, the judgment of the Montgomery County Common Pleas Court, Domestic Relations Division is affirmed.

. . . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

Brian A. Kruse
Brendan E. Sullivan
Hon. Denise L. Cross